| | |
|---|---|
| UNITED STATES DISTRICT COURT <br> EASTERN DISTRICT OF NEW YORK | **NOT FOR PUBLICATION** |
| United States of America, | **MEMORANDUM & ORDER** |
| – against – | 17-cr-126 (ERK) <br> 20-cv-2835 (ERK) |
| Carlos Welch, Jr. | |
| Defendant. | |

KORMAN, *J.*:

On February 7, 2017, Carlos Welch, Jr. and his co-defendants planned to rob a drug stash house in Flushing, Queens. Agents at the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") intercepted text messages and phone conversations in which Welch and his co-defendant, Joshua Padmore, planned the robbery. PSR ¶¶ 4–8, 10. These communications established that Welch identified the location of the stash house and scoped it out by pretending to buy drugs from the drug dealers inside. *Id.* ¶¶ 5–7. Welch informed Padmore about the quantity of drugs at the stash house, and the two men discussed a plan to carry out the robbery. *Id.* ¶ 7. The plan was for Welch to come out of the stash house to signal to his co-defendants when it was safe to enter and complete the robbery. *Id.* ¶ 10. On the evening of the attempted robbery, investigating agents stopped a vehicle carrying Padmore and several of Welch's other co-defendants. *Id.* ¶¶ 11–12. Agents

1

recovered a firearm protruding under the front passenger seat of the vehicle and arrested the car's occupants. *Id.* Welch was arrested nine days later. *Id.* ¶ 15. ATF's investigation revealed that some of Welch's co-defendants who participated in the planned robbery were members of a drug distribution conspiracy. *Id.* ¶ 13.

Welch was charged with five offenses in a superseding indictment (the "Superseding Indictment"), which included (1) Hobbs Act robbery conspiracy (Count One); (2) attempted Hobbs Act robbery (Count Two); (3) Conspiracy to Possess Marijuana with Intent to Distribute (Count Three); (4) attempted Possession of Marijuana with Intent to Distribute (Count Four); and (5) unlawful use of a firearm in violation of 18 U.S.C. § 924(c) predicated on Counts One to Four (Count Five).

On April 17, 2018, pursuant to a Plea Agreement, Welch pled guilty to Count Five of the Superseding Indictment before Chief Magistrate Judge Roanne L. Mann. Under the Plea Agreement, Welch agreed "not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a total term of imprisonment of 101 months or below." Plea Agreement ¶ 4. During his plea colloquy Welch acknowledged his understanding that, by pleading guilty, he waived his right to challenge his conviction and sentence. Plea Tr. at 34–35.

Also in the Plea Agreement, Welch "stipulate[d] that his possession of a firearm occurred during and in relation to the crime charged in Count One of the Superseding Indictment"—Hobbs Act robbery conspiracy. Plea Agreement ¶ 2. During his plea allocution, Welch admitted the following: "On February 7, 2017, I planned to rob a drug dealer for marijuana. I knew one of my co-conspirators was bringing a gun to the robbery. This happened in Queens, New York. When I did it, I knew it was illegal." Plea Tr. at 39. Welch also admitted that he "attempted" to carry out the plan. *Id.* On October 24, 2018, I sentenced Welch to 60 months in prison, the statutory mandatory minimum for a § 924(c) violation. Sentencing Tr. at 10–11. Indeed, I would have given him the same sentence if he had simply been convicted of being a felon in possession of a firearm, an offense of which carries a maximum sentence of 10 years. *See* 18 U.S.C. § 922(g), 924(a)(2); PSR ¶ 29.

Section 924(c) imposes a mandatory minimum five-year sentence if an individual "uses or carries a firearm . . . during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) defines "crime of violence" in two ways: either a felony that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The former definition is often referred to as the "elements"

3

or "force" clause, and the latter as the "residual" or "risk-of-force" clause. *Sessions v. Dimaya*, 138 S. Ct. 1204, 1211 (2018); *United States v. Hendricks*, 921 F.3d 320, 327 (2d Cir. 2019).

"To determine whether a crime is a 'crime of violence' under [the elements clause], [the Second Circuit] appl[ies] the so-called 'categorical approach.'" *Hendricks*, 921 F.3d at 327. An offense categorically qualifies as a crime of violence if it has "as an element the use, attempted use, or threatened use of physical force against the person or property of another," regardless of whether physical force was actually used in a particular instance. 18 U.S.C. § 924(c)(3)(A); *see also United States v. Hill*, 890 F.3d 51, 56–57 (2d Cir. 2018).

Prior to the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), a crime qualified as a "crime of violence" under the residual clause if, irrespective of the defendant's actual conduct, an "ordinary case" of the defendant's crime would "pose a serious potential risk of physical injury to another." *Id.* at 2326. In *Davis*, the Supreme Court held that the residual clause of § 924(c)(3)(B) is unconstitutionally vague. *Id.* at 2336.

"A prisoner in custody . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Following the Supreme Court's decision

4

in *Davis*, Welch moved under 28 U.S.C. § 2255 to vacate his sentence. Welch argues that his § 924(c) conviction cannot stand because, under his Plea Agreement, it is predicated on Count One—Hobbs Act robbery conspiracy. *See also United States v. Barrett*, 937 F.3d 126, 129–130 (2d Cir. 2019) (holding that, after *Davis*, Hobbs Act robbery conspiracy can no longer serve as a predicate "crime of violence," under § 924(c)). Welch also argues that his conviction should be vacated because he did not actually possess the firearm and was not specifically charged with aiding and abetting.

## **DISCUSSION**

As an initial matter, I hold that Welch's Plea Agreement precludes him from bringing this petition. The Second Circuit's "cases foreclose the possibility that a plea agreement can be nullified by a change in law *after* the agreement is executed." *Unites States v. Riggi*, 649 F.3d 143, 149 n.7 (2d Cir. 2011) (emphasis in original). "[A] defendant's inability to foresee [a change in the law] does not supply a basis for failing to enforce an appeal waiver." *Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016) (upholding collateral attack waiver that was challenged based on a subsequent Supreme Court decision holding that residual clause in Armed Career Criminal Act was void for vagueness) (internal quotation marks omitted); *see also United States v. Santiago*, 806 F. App'x 32, 34 (2d Cir. 2020) (unpublished)

5

(rejecting argument that appeal waiver in plea agreement was nullified by subsequent change in law reflected in *Davis*).

Here, Welch clearly waived his right to challenge his conviction or sentence, including by bringing a § 2255 petition, if he was sentenced to less than 101 months imprisonment. Plea Agreement ¶ 4. At his plea hearing, Welch specifically acknowledged that he understood that he was relinquishing his right to challenge his conviction. Plea Tr. at 34–35. Because I sentenced Welch to 60 months imprisonment, he is precluded from bringing this petition. "[T]he possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements," which Welch assumed by voluntarily entering into the Plea Agreement here. *Sanford*, 841 F.3d at 580.

Even if Welch's Plea Agreement did not preclude his petition, I would hold that he is not entitled to habeas relief. In so holding, I am bound by the Second Circuit's recent decision in *United States v. Dussard*, 967 F.3d 149 (2d Cir. 2020). There, like here, the defendant was charged in a multi-count indictment, which charged him with conspiracy to commit Hobbs Act robbery, conspiracy to possess narcotics with intent to distribute, and using and carrying a firearm during and in relation to both charged conspiracies in violation of § 924(c). *Id.* at 152. Like Welch, Dussard pled guilty to the § 924(c) violation, and—also like Welch—Dussard's plea agreement specified that the predicate offense to the § 924(c) offense was only

Hobbs Act conspiracy. *Id.* During his plea allocution, Dussard admitted that he "conspired with individuals who possessed firearms in order to steal narcotics at gun point from people we believed were drug dealers transporting narcotics." *Id* at 153.

On direct appeal, Dussard argued that his § 924(c) conviction must be vacated following *Davis*. *Id.* at 155. Applying plain error review, the Second Circuit rejected Dussard's appeal. Although the Court agreed that, after *Davis*, Dussard's conviction of firearm possession during and in relation to a Hobbs Act conspiracy was error, it held that such an error did not affect his substantial rights. *Id.* at 156. The Court noted that the five-year mandatory-minimum sentence provided in § 924(c)(1)(A)(i) applies to firearm possession "during and in relation to" either a "crime of violence or [a] drug trafficking crime," and that the statute's applicability "does not require the defendant to be convicted of (or even charged with) the predicate crime, so long as there is legally sufficient proof that the predicate crime was, in fact, committed." *Id.* at 157 (quoting *Johnson v. United States*, 779 F.3d 125, 129–30 (2d Cir. 2015)).

Given Dussard's plea allocution and the description of his crime in the presentence report, which he did not contest, the Court held that Dussard "would have had little genuine hope of being acquitted of the . . . drug trafficking conspiracy after a trial" and that had "Dussard and the government [] anticipated the *Davis* decision making the predication of [the § 924(c) offense] on the Hobbs Act conspiracy invalid, they could have avoided the invalidity" by referencing the

7

charged drug trafficking conspiracy as the predicate offense in Dussard's plea agreement instead. *Dussard*, 967 F.3d at 157–58. Because Dussard had "pointed to nothing in the record to indicate that he would not have agreed" to plead guilty if the charged drug trafficking conspiracy had served as the predicate offense to his § 924(c) conviction instead of Hobbs Act conspiracy, his conviction and sentence were affirmed. *Id* at 158–59.

Although *Dussard* involved a challenge to conviction on direct appeal, its reasoning also applies to petitions to vacate a sentence brought under 28 U.S.C. § 2255. *See, e.g.*, *Meachem v. United States*, 2020 WL 5646088, at *7 (E.D.N.Y. Sept. 22, 2020) (applying *Dussard* because a petitioner in a § 2255 action must show "actual prejudice," which is a higher burden than Dussard was required to satisfy on direct appeal); *see also United States v. Frady,* 456 U.S. 152, 166 (1982) ("[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal.").

"Given [Welch's] allocution, his plea agreement, and the unchallenged factual account set forth in the presentence report, [Welch] has not shown that the *Davis*-related error he cites caused him to suffer 'actual prejudice.'" *Meachem*, 2020 WL 5646088 at *7. The Superseding Indictment charged Welch with both Hobbs Act and drug trafficking crimes. Count Five of the indictment specifically stated that the § 924(c) charge was predicated on both the Hobbs Act and drug trafficking offenses.

8

Welch admitted at his plea hearing to agreeing to participate in a robbery of a known drug dealer for marijuana. And the uncontested factual account in the presentence report explained that the ATF investigation revealed that a number of Welch's co-defendants were members of a drug distribution conspiracy. "Plainly, [Welch] was motivated—and the government was willing—to enter into a plea agreement that would allow him to plead guilty to" a § 924(c) offense, with its mandatory minimum five-year prison term, in exchange for the prosecutor agreeing not to pursue the other charges against him. *Dussard*, 967 F.3d at 158. Nothing in the record indicates that Welch would have risked going to trial and being convicted and sentenced on all five counts in the Superseding Indictment instead of agreeing to include the drug trafficking offense as the predicate for his § 924(c) guilty plea.

Finally, Welch's argument that his conviction should be vacated because he did not actually possess the firearm and was not specifically charged with aiding and abetting is meritless. This argument has no connection to the Supreme Court's decision in *Davis* and could have been raised on direct appeal. Because Welch did not raise this argument on direct appeal, and cannot establish "cause and actual prejudice, or that he is actually innocent," he has procedurally forfeited this claim. *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal quotation marks omitted); *Sapia v. United States*, 433 F.3d 212, 217 (2d Cir. 2005). "[A]n aiding and abetting charge is arguably implicit in every indictment," *United States v. Mucciante*,

9

21 F.3d 1228, 1234 (2d Cir. 1994). Here, Count Five of the Superseding Indictment cited the federal aiding and abetting statute, 18 U.S.C. § 2, and used the phrase "together with others" when alleging the criminal conduct that supported the charge, which was sufficient to put Welch on notice that he faced aiding and abetting liability. *United States v. Hill*, 279 F. App'x. 90, 94–95 (2d Cir. 2008) (unpublished). Moreover, Welch made clear at his plea hearing that he understood he was pleading guilty under an aiding and abetting theory and admitted that he knew his co-defendant was going to bring a gun to the robbery he helped set up. Plea Tr. at 16–17, 39. Accordingly, I decline to accept Welch's argument that his petition should be granted on this ground.

## **CONCLUSION**

The petition for writ of habeas corpus is denied. I also decline to issue a certificate of appealability.

**SO ORDERED.**

*Edward R. Korman*

Brooklyn, New York  
October 22, 2020

Edward R. Korman  
United States District Judge